UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MISS JONES LLC,

                         Plaintiff,

  -against-                                 **MEMORANDUM AND ORDER**
                                                         17-CV-941 (RRM) (SIL)
JOHN DISTEFANO, *et al.*,

                         Defendants.
----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

      In February 2017, plaintiff Miss Jones LLC commenced this diversity action against defendant John DiStefano and others, seeking to foreclose a mortgage on real property located at 372N Magee Street in Southampton, New York (the "Property"). Plaintiff obtained a Judgment of Foreclosure and Sale and a Referee conducted an auction of the Property on April 11, 2018. However, before the Referee delivered the deed to the purchaser's assignee, a senior mortgagee obtained a Judgment of Foreclosure and Sale in state court, conducted an auction of the Property, and delivered a deed to the high bidder at that auction.

      Plaintiff now moves for an order 1) rejecting the Referee's Report of Sale and 2) granting leave to enter a deficiency judgment against DiStefano. DiStefano opposes that motion on the ground that plaintiff's motion for a deficiency judgment is time-barred by operation of New York Real Property Actions and Proceedings Law ("RPAPL") § 1371. For the reasons set forth below, plaintiff's motion is granted.

## BACKGROUND

      The following facts are undisputed. The facts in the next paragraph were alleged in plaintiff's complaint and are deemed to be true by virtue of defendant DiStefano's default. The

facts in the subsequent paragraphs of this section are drawn from the Court's docket sheet or documents docketed with the Court.

On or about August 14, 2007, DiStefano borrowed $100,000 from National City Bank. (Compl. at ¶ 25.) As part of that transaction, he executed a promissory note agreeing to repay the principal amount with interest. (*Id.*) That note was secured by a second mortgage on the Property. (*Id.* at ¶¶ 26–31.) In 2010, the mortgage was assigned by PNC Bank, N.A. – successor by merger to National City Bank – to DBI/ASG Mortgage Holdings LLC, which, in 2016, assigned the mortgage to plaintiff. (*Id.* at ¶¶ 28–29.) Accordingly, at the time this action commenced, plaintiff was the owner and holder of both the note and the mortgage, (*id.* at ¶¶ 3, 32), which "constitute[d] a valid and binding second lien on the … Property," (*id.* at ¶ 31).

On February 17, 2017, plaintiff commenced this action against DiStefano and other defendants, seeking to foreclose on the Property. On November 28, 2017, then District Judge Joseph Bianco, to whom the case was originally assigned, entered a Judgment of Foreclosure and Sale, (Doc. No. 54) (the "JFS"). Although familiarity with the JFS is assumed, three portions of this document are noteworthy for purposes of this Memorandum and Order. First, the JFS computed the amount due on the note to be $99,446.00 in principal and "accrued interest in the amount of $65,824.30 through September 25, 2017, for a total amount of $165,270.30, with a per diem of $26.90." (JFS at 3.) Second, the JFS appointed a referee, Lara Harmel (the "Referee"), and authorized her to sell the Property at auction. (*Id.* at 4.) Third, the JFS provided that, if the proceeds of that sale were insufficient to pay the amount adjudged due to plaintiff, plaintiff could move for a deficiency judgment, but only within the time limits set forth in RPAPL § 1371. Specifically, the JFS stated:

> If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Referee shall

> specify the amount of such deficiency in his report of sale the plaintiff shall recover from the defendant, JOHN DISTEFANO, the whole deficiency of [*sic*] so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, *provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and Proceedings Law within the time limited therein* ….

(JFS at 6–7 (emphasis added).)

The Referee initially noticed the sale for January 11, 2018, (Notice of Sale (Doc. No. 55), then re-noticed the sale for April 11, 2018. (Notice of Sale (Doc. No. 56).) According to the Referee's Report of Sale (Doc. No. 57), plaintiff won the April 11 auction with a bid of $1,000. (*Id.* at 2, 17.) Plaintiff then assigned the winning bid to purchase the Property to an affiliate, Magee Southampton LLC. (*Id.* at 2, 25.) However, the Referee did not deliver the deed to the purchaser until October 3, 2018. (*Id.* at 2.)

On March 5, 2019 – 163 days after the deed was delivered – plaintiff filed the instant motion, requesting that the Court reject the Referee's Report and grant plaintiff leave to enter a deficiency judgment against DiStefano. In his Declaration in Support of the motion, plaintiff's counsel, Michael J. Bonneville, states that "the Senior Mortgage lienholder" commenced an action to foreclose on the Property in the Supreme Court of the State of New York, Suffolk County, in 2009. (Bonneville Dec. at ¶ 6.) That state-court action culminated in a foreclosure sale on April 27, 2018 – 16 days after the April 11 auction in this case. (*Id.* at ¶ 7.) However, the referee in the state-court action delivered his deed on May 14, 2018 – several months before the Referee in this case delivered her deed. (*Id.*) Bonneville argues that because plaintiff's subordinate lien has been extinguished, the Court should reject the Referee's Report and grant plaintiff leave to enter a deficiency judgment in the amount of $165,270.30, plus interest from September 25, 2017.

3

DiStefano opposes the motion on the ground that plaintiff did not move for a deficiency judgment within the time limits prescribed by RPAPL § 1371. DiStefano argues that § 1371 requires such a motion be made within 90 days of the sale of the mortgaged property and argues that the instant motion was filed more than 90 days after the sale. (Memorandum in Opposition to Plaintiff's Motion for a Deficiency Judgment (Doc. No. 63-9) at 2.)

In its Reply Memorandum, plaintiff notes that § 1371 provides that the 90-day period does not begin to run until "the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser." (Reply Memo (Doc. No. 63-10) at 2.) Plaintiff argues that because the property was sold by the senior lienholder before the Referee delivered the deed, a "proper deed of conveyance" was not delivered in this case. (*Id.* at 3.) Relying primarily on *Weisel v. Hagdahl Realty Co.*, 271 N.Y.S. 629, 632 (N.Y. App. Div. 2d Dep't 1934), plaintiff argues that the April 11 auction did not result in an "actual, valid sale," and that the 90-day period never began to run. (*Id.*)

## DISCUSSION

The only question at issue in this case is whether plaintiff's motion for deficiency judgment was made within the time limits prescribed by RPAPL § 1371. That statute provides, in relevant part:

> 1. If a person who is liable to the plaintiff for the payment of the debt secured by the mortgage is made a defendant in the action, and has appeared or has been personally served with the summons, the final judgment may award payment by him of the whole residue, or so much thereof as the court may determine to be just and equitable, of the debt remaining unsatisfied, after a sale of the mortgaged property and the application of the proceeds, pursuant to the directions contained in such judgment, the amount thereof to be determined by the court as herein provided.
>
> 2. Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the

4

>purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action.

"[T]he failure to seek a deficiency judgment within ninety days of delivery of the deed is traditionally treated by the New York courts as a complete bar to further recovery." *Krock v. Lipsay*, 97 F.3d 640, 648 (2d Cir. 1996).

New York Courts have long recognized an exception to this statute of limitations in cases in which a junior mortgagee's lien is extinguished by foreclosure of a senior mortgage. That exception appears to have originated in a 1934 Appellate Division case, *Weisel v. Hagdahl Realty Co.*, which involved facts similar to those at bar. In that case, a third mortgagee obtained a judgment of foreclosure and sale on October 20, 1933, which directed the sale of mortgaged premises, payment to the plaintiff of $11,120.22 with interest, and payment to plaintiff of the amount of any deficiency. Before that sale took place, however, a senior mortgagee obtained its own judgment of foreclosure and sale and sold the mortgaged premises.

*Weisel* involved Civil Practice Act § 1083-a – a predecessor to RPAPL § 1371 that contained limitations language similar – but not identical – to that in § 1371. Section 1083-a provided that the deficiency motion had to be made "[s]imultaneously with the making of a motion for an order confirming the sale or in any event within ninety days after the date of the sale." The *Weisel* Court observed that the ninety-day limitation applied "only to deficiency judgments where a sale has been had in the foreclosure action." *Weisel*, 271 N.Y.S. at 632. The court then reasoned: "There has been no sale of the premises in this action, nor can there be, for the premises have already been sold in the other action. Quite clearly it appears that this section applies only where a deficiency judgment is sought after an actual sale." *Id.*

5

DiStefano argues that this case is distinguishable from *Weisel* in that plaintiff conducted a "sale" on April 11, 2018. However, that argument ignores the fact that the 90-day limitations period in § 1371 does not run from the "sale" of the mortgage property, as did the limitations period established by Civil Practice Act § 1083-a. Rather, it runs from "the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser." RPAPL § 1371(2). Accordingly, the relevant question is no longer whether there was a "sale," but whether that sale was consummated by "the delivery of the proper deed of conveyance to the purchaser."

In this case, the sale was never consummated. By the time the Referee delivered her deed on October 3, 2018, the Property had already been sold by the senior mortgagee and a deed had been delivered to the purchaser. Accordingly, the Referee in this action could no longer deliver a "proper deed of conveyance." to Magee Southampton. As a result, in this case – as in *Weisel* – the 90-day limitation period never began to run and plaintiff's deficiency motion cannot be untimely.

## CONCLUSION

For the reasons set forth above, plaintiff's motion is granted. Plaintiff shall file a proposed Deficiency Judgment within thirty days of the date of this Memorandum and Order. To the extent that DiStefano disagrees with the dollar amounts set forth in the proposed judgment, he shall file opposition papers within fifteen days of the filing of the proposed judgment.

Dated: Brooklyn, New York
      March 31, 2021

SO ORDERED.

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

6